The first case this morning is 19-2096, United States v. Sloan. Counsel, we're ready to hear you. You may proceed. Good morning, your honors and counsel. Good morning to you. Your honors, in this case, we have raised both a sufficiency and a sentencing claim. But in sum, what we're seeking is a single remedy for Mr. Sloan to be resentenced on constitutionally obtained convictions under correctly calculated sentencing guidelines. Now, I want to start with our sufficiency claim, which goes to, of course, only two of the four counts of conviction here. And the issue here is that the trial evidence that John Doe was under the age of 12 at the time of the testimony and only his testimony. But that testimony was irreconcilably inconsistent on this single fact of his age at times. Counsel, so I was born in 1940 in November. And so because I'm kind of simple minded, I just when people ask me what my age is, I just subtract 40 from whatever year it was. And I say that's my age. So except I forget to adjust for the fact that I wasn't 40, you know, the 40 didn't apply until November. So for a whole year, I would say I was 38 when in fact I was 37. A lot of people do that, right? Their birthday's approaching. They are going to be 60. They say, I'm 60, but they're really 59. Can't we accommodate that kind of correction that people make in their, in stating their age? Your Honor, I can understand that. I think it's far too speculative to presume that. And I think the certainty. Whenever there's a conflict in the evidence, we have to take the light, the review and the light most favorable to you rather than to the government. No, and in this, in a plain error sufficiency challenge where the government gets the reasonable inferences and the light, the evidence is reviewed in the light most favorable. But I think the proximity to John Doe's birthday that was at question at the time of trial, you know, reinforces the idea that he would be more likely to know how old he was if his birthday was coming up. And it isn't just the age itself, of course, right? His initial testimony when he was first asked to identify himself also gave a birthday of 1994, which is consistent with him being 23 at the time of trial, but not consistent with being under the age of 12 at the time. Counsel, once we got through direct and cross-examination and redirect and the end of his testimony, the judge asked the clarifying question about the birthday, correct? Yeah, yes. And the answer was December 1995. That's correct. Right. So to the extent that there was some conflict or confusion about this, the judge took it, took it upon himself to clarify that point. She did, Judge Brewer, she did, but in the same, in the exact very next breath, asked how old he was. And he, again, reaffirmed that he was 23 at the time of his testimony, a month away from what we now know would have been his 23rd birthday. So, again, I think that these two things are simply, they cannot both be true, and there is no explanation in this record for either one. They are never corrected. The discrepancy is never even really explained by the government. And neither version is corroborated by any other evidence. I think this is a very unusual case in that sense, in that there is simply nothing that was before the jury that they could could look to to say this one is more likely correct than this one. And that is not proof beyond a reasonable doubt. It doesn't even preponderate, let alone constitute proof beyond a reasonable doubt. By the way, in terms of corroborating, I take it, I mean, we have this certificate that the government has mentioned that lists his birthday, but I take it that that's not something that should be considered? That is, I think it's too little too late. It's in the wrong forum and at the wrong time. You know, an answer brief and an appeal is not, you know, the sort of a second chance for the government. Well, are we on are we on plain error review on this issue? It is plain error review. We know why. Why wouldn't it be appropriate to consider it for purposes of step four of plain error review? So, you know, I think it's it's not entirely inappropriate. I don't think there's any authority to suggest that you cannot consider it under prong four. I don't think you should, but that even if you do, you should still rule for Mr. Sloan. So let me let me unpack that a little bit. I think there's a number of reasons why I think you shouldn't consider it. The first is that the government doesn't really have any on point authority to suggest that that you you should. It's this old Second Circuit case. And then Eastern District of Virginia District Court case are factually distinguishable and entirely unrelated to what's being being proposed here. But I think that if you look at this court's cases in the plain error sufficiency context, like good, what they're looking at is whether evidence existed at the trial. Right. That that would have would have produced this, not other evidence brought in after the fact. And to the extent that the government cites to an 11th Circuit case, the equities in the context are entirely different than what's present here. Right. Where the Supreme Court essentially changed the law so that the government didn't know that it had a burden of proof on a particular element. That's not the case here. There was no dispute. It had to prove. Well, it simply failed to do so. And I think that the certificate actually makes our point for us in many ways, in the sense that it would have been exceedingly easy for the government to have introduced this. But it is not in its exhibits lists for trial and there's no indication that it had it available at the time. And this is these are basic sort of foundational constitutional first principles. Back to Ingrid Winship and all the way through to to Aline and Heyman, that that it's the government's burden to prove its case and to police its proof. And those errors aren't the duty of a defendant to identify and correct for them. Now, I think, you know, it's if you I think the other thing, too, is that it I think it risks opening a dangerous door as well to to consider this type of material on the on the fourth prong in a case such as this, where it is exceedingly clear what the expectation and what the law required the government to prove. And it simply did not do so. So now, if you did consider it, I think you still can rule for Mr. Sloan, because the equities on the fourth prong still weigh in favor of of reversal on this. And that's because preserving convictions isn't the end game of the fourth prong analysis. Right. It's the fairness and integrity of the proceedings and protecting citizens constitutional rights against government intrusion, particularly when it comes to something as foundational as a trial. Right. And proof beyond a reasonable doubt definitely outweighs that here. And I think to the extent that I think it's even easier case here in the sense that this goes only to two counts of the conviction. Right. Mr. Sloan will still stand convicted of two felony counts. One is to each of the victims who testified and he will be still facing a let's be honest, a very, very lengthy term of incarceration and still be facing even if you agree with us on the sentencing challenge, an advisory guideline range of life. Now, he may receive a sentence lower than life, but he may he also could receive the exact same sentence. So I think the the concerns about overturning a verdict in this case are even are even narrower. Not that that should necessarily matter in the sense that the constitutional violation should be vindicated regardless of the outcome. But it's that much easier in this case. And I think that that is to the extent that it's a consideration in the fourth prong. It's one that also weighs in our favor. So I do want to say a couple of words on the sentencing challenge. If you agree with us that plain error occurred here on the on the sufficiency claim, the government doesn't dispute that that resentencing is warranted under the sentencing package doctrine. And I think you can just leave it at that, that you do not need to reach our additional sentencing claims. Now, I think that they provide an additional and an alternative ground for reversal. But again, I just just reiterate that there's no dispute that if you reverse on the first issue, that that you should resentence. We all agree, I think, that resentencing is warranted under that doctrine, given the the removal of a mandatory minimum and and just given the nature of the sentencing package doctrine. Now, on the sentencing challenge, though, I do think that there are three important points to note and three reasons why I think that these errors cumulative counsel on the on the mandatory minimum. But what evidence is there in this record that the sentence that the trial court imposed in fact relied on that aspect of it? I don't think I don't think there's a lot, Your Honor. And really, I don't think there's there's any express statements that the mandatory minimum drove it. Now, I think the mandatory minimum matters in two ways, in the sense that the mandatory minimum is always going to constitute sort of a baseline or an anchoring point in terms of threshold culpability and. And importantly, the mandatory minimums are also used by the sentencing commission, of course, to set the base offense level, which in this case, three to a three point one starts very high. And that's because it has a 30 year mandatory minimum. Now, if it were just an error with the mandatory minimum, we wouldn't we wouldn't have a strong that strong a claim, I think that the issue is the cumulative effect of all three of these these errors and the general sort of back of the envelope sort of calculations that went to play here. So that's well, because I think you say in your brief that even without the that the sentencing errors, the total offense level would still be forty three. Correct. There is no scenario in which the guidelines in place today would result in an offense level below forty three. But I don't think that that matters here. And I said that I would point to this court's decision in Cerno, which I cited in the reply brief in which it recognized that that when when a defendant receives a sentence of life and where there's an indication in the record, as there is here, that the court searched for some reason to vary from that life term. That that that's enough to suggest that that mistakes in the process may have made a difference. So in Cerno, the court refused to consider evidence that it could have here. As a result of the mistakes, the court relied on evidence on sentencing facts that it should not have, including an important enhancement for the use of force that shouldn't have been applied and including a mandatory minimum that, again, is not the court dimension expressly, but which the PSR did and the court adopted the PSR and which obviously necessarily sets a sort of conceptual baseline as well as setting the guidelines.   어렵 theCoulder of not unique to the machine based other than theter. reference level. I've reserved the rest of my time. The court has no further concert. So Council Madriends already here from the government. Apologies Good morning. Your Honor's Nikolas Banyou for the United States. Mr. Sloan demands that this court vacate two of his three convictions for the rape of a child under 12 years of age, not because the child was, in fact, over 12 at the time of the sexual assaults, but rather because this victim witness, understandably nervous about testifying about the most painful aspect of his life, briefly stated the wrong birth year. And and this was subsequently cured as a matter of first principles, the United States would point out that the victim was indeed under the age of 12 at the time of the sexual assaults. That's not disputed by anyone that was in the PSR. Defendant did not object to the PSR. And so putting even aside the birth certificate. Defendants never contested that the defendant was not, in fact, under the age of 12. So did the defense contest the age at trial? Defense counsel did argue that in his closing argument, there was some. How can we say that everyone agrees the defense at the trial said, look, the evidence, the government hasn't satisfied its burden of proof. Defense counsel in closing argument said that the victim was inconsistent in terms of how he spoke, in terms of between his age, whether that meant he's unreliable as a witness or the underlying fact of which he's testifying about was not shown. That's a matter of conjecture. But isn't the age an element of the offense? Absolutely. Your honor. Well, then then isn't that what the argument went to is that the government hasn't proved the age element of the offense? I would probably characterize defense counsel's closing argument is a little bit more scattershot than that. But assuming that that is the case, let's let's say that it's contested. We nevertheless have the PSR that was drafted after the fact. Could have been so. This is a sufficiency of the evidence a challenge on appeal and the PSR wasn't presented to the jury. So aren't we just looking at the evidence that was presented at trial and needing to make a determination whether a reasonable jury could conclude beyond a reasonable doubt that the victim was 11? Well, as to that overarching point, well, I'm stating the standard. Isn't that isn't that the question that this panel is supposed to address? Yes, your honor. All right. Go ahead. Thank you. So initially, the witness stated that he was born in 1994 and stated he was 23 years of age. He then proceeds 13 times to give testimony consistent with the fact he was born in 1995 and was 11 at the time that he was sexually assaulted. And it was not until after cross examination and after direct examination, the court asked him again, point blank. What is your birthday since December 15th, 1995? And then she asked. Now, defense counsel has characterized it as he was asked his age. That's not what actually happened. She said, you're 23 years of age. And he said, yes, he's asked by a federal judge while he's testifying, just wants to get off that stand that he's 23 years of age. He's one month away from his birthday. He says yes. So we're not sure that that is the level of inconsistency that defense counsel would argue it is. So can a reasonable jury make a determination as to which which is what they believe based on that testimony that he provided? So defense counsel's argument is correct that simply saying one inconsistent statement is enough to poison the well of the other 13 consistent statements, then that's a new rule. That's that's that's a new way of doing business. Simply at the moment those words left his lips. Government counsel should pack up its briefcase and go home because no amount of curing would be sufficient. No amount of him testifying as to the correct age would be sufficient for a jury to to reach that conclusion, and certainly no court believes that. Now, the one case that defense counsel provided for this equiposte theory, that of Hansen, is is an opposite, both on the facts and the law. Hansen dealt with a defendant seeking a reduction to his guideline sentence based on the sporting arms exception, keeping a firearm solely for sporting purposes. And so the court district court correctly noted that he carried the burden of that showing. And the appellate court in reviewing that said, well, you know, this evidence is an equipoise. So a couple of issues with that, number one, it's a different standard of review. The appellate court is reviewing for for clear error, not reviewing as it is here under sufficiency, which is a much more forgiving standard. And secondly, there the fact finder themselves was was the district court, as opposed to here, where the district court or the court is taking a much more not relaxed view, but a much more expansive acceptance of what the what a reasonable jury would do in that situation. And along those lines, courts have been extremely reluctant to apply this equipoise principle to to sufficiency of the evidence. So you saw the Third Circuit and the Fifth Circuit in in en banc cases, both refused to apply the concept of equipoise. United States versus Vargas Ocampo in the Fifth Circuit and United States versus Caraballo Rodriguez in the Third Circuit refused to apply this. Largely two reasons. Number one, that it would be an inevitable incursion into the role of the jury as fact finder for an appellate court to review the factual record, to engage in, I think, what the Fifth Circuit described as a fine parsing of the evidence. And perhaps more importantly, the the courts have determined that this would be applying a different standard than the Supreme Court has mandated in Jackson versus Virginia, which is, of course, the any rational jury standard. So this equipoise principle, there's a reason why Mr. Sloan is only able to point to a single case, Hansen, which is, again, an opposite. And that's simply because courts have not applied the equipoise principle to sufficiency of the evidence. Counsel, do do the cases tell us whether it matters that the conflicting testimony came from the same witness as opposed to different witnesses? Your Honor, that is something we did look into. We those cases, I think, don't speak to that. There's there's another case, Romero, I believe Judge Lucero was on the panel. It was it wasn't a single witness case, but it was largely all of the evidence came from a single witness who evidence was presented that was largely contradictory to that witness's testimony. And the circuit sort of rejected that principle, saying we do not weigh conflicting evidence or consider witness credibility as these duties are delegated exclusively to the jury. So. I don't have handy a case where there's only a single witness, but I think that would be the close approximation would be nice versus Romero from 2003. Counsel, could I get you to address the  Certainly, Your Honor, United States, as stated in its briefs, the United States believes that the certificate should only come into play in assessing the fourth element, I'm sorry, the fourth prong of plain error review, that is, whether this court should exercise its discretion to to vacate. Whether or not this would seriously call into question the fairness, integrity of these public proceedings. And for that, you know, the United States cited United States versus good there and good. There was a similar situation there. The defendant claimed that the United States did not prove that the firearm that he was charged with traveled in interstate commerce and the 10 circuits. Well, Judge Hart's writing for the circuit said it's undoubtable. It's not in doubt at all that this firearm traveled in interstate commerce, even if not proven. And citing Johnson versus United States, the Supreme Court's holding there, which was a perjury case where they did not prove materiality at trial, the quote was that there was no basis for concluding that the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Indeed, it would be the reversal of a conviction such as this, which would have that effect. But the 10th Circuit endorsed the idea that that reversing in that particular case, they are not proving that the firearm traveled in interstate commerce, which undoubtedly did would down to the detriment of public public perception of the integrity and fairness of the proceeding, which we would argue is the same situation here. Here you have somebody who was under 12 years of age, repeatedly raped since he was three years old by the Mr. Sloan and to reverse those convictions on the basis that Mr. Sloan, at the outset of his testimony, staring down the person who had sexually assaulted him his entire life, gave the wrong year, I think would, again, impugn the public integrity of the proceeding when I I mean, it's anecdotal. When I took a driver's test, I was 16 years old. I was so nervous. So getting getting back to the certificate, is this a matter of judicial notice of the certificate? Your Honor, we would say that it is judicial notice. It is a self-authenticating record. OK, but but would we need to be satisfied to that? The certificate satisfies the evidence rule on judicial notice, Rule 201, before we could consider it. I think the court is free to consider any evidence that is not seriously in dispute. I don't think that on appeal, that's that's my question. Isn't that the test, one of the tests under Rule 201? Shouldn't it run through that rule before we would look at it? Your Honor, the United States would have no reason why that would not be the rule that the court should follow, but I have not heard either in the here and argument today or in the briefs that defendant is actually contesting that the victim was 12 or older at the time he was sexually assaulted. So Mr. Arsici did reserve time for rebuttal. Maybe he'll clarify that. But we do not understand the defense is actually contesting that he was 12 or older at the time he was sexually assaulted. And why do we need the certificate in the first place? Well, Your Honor, if the court is free to to reject the certificate as in the inherent power of the court. But the United States, again, would point to the PSR. There's numerous statements of the victim's age was not contested by defendant at sentencing. And certainly if there was some legal issue that the United States had not proven that he was the correct age, that it was incumbent on Mr. Sloan to bring that to the attention of the court, the court could have resolved it at that time and we would not be in the situation we're in today. And along those lines, that would be the United States's response in regard to the the sentencing errors alleged in this case is that, number one, none of them are prejudicial. Some of them actually redounded to the extent there was a benefit or a detriment. They were they redounded to his benefit. But none of those affected the guideline range, as admitted by Mr. Sloan's counsel, that it all resulted in a guideline range of life and an offense level of 43. None of it affected his criminal history category. Therefore, you cannot claim prejudice in any sort of way from these sentencing errors. And again, these could have been corrected at the time of sentencing had they been brought to the attention of the district court, which they were not. So unless the court has additional questions. All right, well, thank you very much. Thank you, counsel. Just three quick points, Your Honor, I want to first knock down a couple of straw men that I think the government kind of threw up, we're not suggesting that that evidence can't be cured or the testimony can't be cured, we're suggesting that it was not cured here, that the testimony was consistently inconsistent and the government never took any steps to correct it. Is the government correct in its assertion that you do not challenge the victim was 12 or under at the time of the offense, alleged offenses? Your Honor, I don't dispute that what the government has attached to its brief is what it purports to be, so I don't I'm not going to dispute that the victim was apparently born in 1995. Our concern is that that was not proven at trial and that on the fourth prong of of plain error review, you should not a consider that document because it comes too late. And for all the reasons I mentioned before, and even if you do that, why do we need why do we need the document? He testified he was the year he was born, 1995 in November, I think he said. He testified to both 1994 and 1995, and he testified that he was 23 at the time of trial, which would have been consistent with not being born in 19. At the time of the at the time of the offense under either scenario, he would have been 12. You're correct. As a as a factual, I don't mean a certificate as a assuming either birthday, he would have been 12 or under at the time of the offenses were committed. Correct. No, with we charted it out in our briefing and with a 1994 birthday, he would have been over 12 and with a 1995 birthday, he would have been under under the first thing I can answer. At the time of the offense in the summer of 2007, and I see him out of time, so I would just say to reverse cases submitted, counselor excused.